

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| PATRICK KEITH HIRT, | ) | CV 09-83-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| SAM LAW; ATTORNEY GENERAL OF THE STATE OF MONTANA, | ) ) | |
| | ) | |
| Respondents. | ) ) | |

Petitioner Hirt, a state prisoner proceeding pro se, brought this action pursuant to 28 U.S.C. § 2254. Magistrate Judge Lynch entered Findings and Recommendation in this matter on January 4, 2009. Judge Lynch recommended denying the petition on the merits. Petitioner timely objected to the Findings and Recommendation on January 27, 2010, and is therefore entitled to *de novo* review

1

of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Despite Petitioner's objections, I agree with Judge Lynch's analysis and conclusions. Because the parties are familiar with the factual and procedural background, it will not be restated here.

## Ineffective Assistance of Trial Counsel

Judge Lynch found Petitioner's trial counsel, Sather, was not ineffective, and thus the claim should be denied. Petitioner does not so much object to Judge Lynch's findings, but rather he provides a laundry list of reasons his trial counsel was, in fact, ineffective. For instance, he argues that Sather was ineffective by failing to question the professional credentials of a state witness. This, however, is a reasonable strategic decision. Moreover, even if failing to do so fell below the objective standard of reasonableness, which I find it does not, that error would not likely undermine the outcome. I find no error in Judge Lynch's conclusion that the claim should be denied.

## Ineffective Assistance of Appellate Counsel

Judge Lynch found that Petitioner's ineffective assistance of appellate

2

counsel claim was without merit. Petitioner objects that his appellate counsel was ineffective in light of the fact that he presented his appellate counsel with independent research that showed the forensic tests used in his sentencing were faulty, but his counsel failed to present the information on appeal. This objection ignores the fact that Judge Lynch found Petitioner's trial counsel was not ineffective, and that the information presented at the sentencing was not incorrect. Additionally, the sentencing judge did not rely on the forensic reports when announcing the sentence. Failure to present such information at the appellate stage was neither unreasonable, nor reasonably expected to change the outcome. As such, I find no error with Judge Lynch's conclusion that this claim is without merit.

## Ineffective Postconviction Counsel

Judge Lynch found Petitioner has no claim of ineffective assistance of postconviction counsel because there is no constitutional right to such counsel. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Petitioner objects that under Coleman v. Thompson, 501 U.S. 722 (1991), he has such a right because he also suffered from ineffective assistance of trial and appellate counsel. Petitioner's objection suffers not only from a flawed reading of Coleman, but also from a fundamental oversight that he did not suffer ineffective assistance of trial and

appellate counsel. Accordingly, I agree with Judge Lynch that Petitioner was not entitled to postconviction counsel.

## Due Process and Equal Protection Claims

Petitioner argues his due process and equal protection rights were violated by being subjected to scientifically unproven tests. Judge Lynch found the claims are procedurally defaulted, as well as not merited in light of the fact that the sentencing judge did not rely on the tests in deciding his sentence.

Petitioner objects that Judge Lynch's analysis is incorrect because it focuses on what the sentencing judge thought rather than the facts in the contested report. Petitioner misses the point of Judge Lynch's analysis. The tests were not relied upon by the judge when handing down the sentence. As such, any methodological problems in the tests did not impact Petitioner for the purpose of a habeas petition.

Petitioner also objects to Judge Lynch's finding that the claims are procedurally defaulted. He argues all of his counsel at the state level–from trial through postconviction review–were inadequate, and that is the reason why the claims were not raised at the state level. Again, Petitioner has not suffered from ineffective assistance of counsel, and he has no constitutional right to effective postconviction counsel. I agree with Judge Lynch that these claims are procedurally defaulted.

I find no clear error in Judge Lynch's remaining findings and recommendations.

## CONCLUSION

In accordance with the foregoing,

IT IS HEREBY ORDERED that the Findings and Recommendation (dkt #14) are adopted in full.

IT IS FURTHER ORDERED that Petitioner Hirt's petition is DENIED on the merits. The Clerk of Court shall enter judgment in favor of Respondents and against Petitioner Hirt.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this 29th day of January, 2010.

Donald W. Molloy, District Judge
United States District Court